13-1215
Ye v. Holder

BIA
A077 322 933

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand fourteen.

PRESENT:
            DEBRA ANN LIVINGSTON,
            DENNY CHIN,
            RAYMOND J. LOHIER, JR.,
                *Circuit Judges.*
_____

Hua En Ye,
            *Petitioner,*

            v.                                    13-1215
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*
_____

FOR PETITIONER:          Ai Tong, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney
                         General; Jennifer L. Lightbody,
                         Senior Litigation Counsel; Edward E.
                         Wiggers, Trial Attorney, Office of
                         Immigration Litigation, Civil
                         Division, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Hua En Ye, a native and citizen of China, seeks review of a March 12, 2013, decision of the BIA denying his motion to reopen. *In re Hua En Ye,* No. A077 322 933 (B.I.A. Mar. 12, 2013). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). We review the BIA's factual findings regarding country conditions under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

The BIA did not abuse its discretion in denying Ye's motion to reopen as untimely as it was filed more than seven years after his final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Although

2

there are no time limitations for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii), Ye has not established any error in the BIA's conclusion that there was no material change.

First, Ye's conversion to Christianity is a change in personal circumstances that does not excuse the time limitation. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006). Moreover, there is no basis for finding that the BIA ignored evidence of country conditions, as the BIA explicitly discussed the evidence and reasonably concluded that it did not establish a change since the time of the hearing because the reports did not describe conditions at the time of Ye's 2002 hearing and, to the extent that it demonstrated any change from previous years, it showed a continuation of religious repression, not new conditions. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006)

3

(presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"); *Matter of S-Y-G-,* 24 I. & N. Dec. 247, 253 (BIA 2007)("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

Insofar as Ye challenges the agency's decision not to reopen his case *sua sponte*, this decision is an entirely discretionary one by the BIA, and we lack jurisdiction to consider it. *See Ali*, 448 F.3d at 518. Ye also argues for the first time in his brief in this Court that he is entitled to file a successive asylum application; however, because Ye failed to raise this claim before the BIA, the claim is unexhausted and we lack jurisdiction to consider it. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 65 (2d Cir. 2011).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously

4

granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk